19709

Earl Lee JOHNSON, Appellant, v. STATE of South Carolina,
Respondent

(200 S. E. (2d) 81)

*S. Jackson Kimball, Esq.,* of Rock Hill, *for Appellant,*
cites:

*Messrs. Daniel R. McLeod, Atty Gen., Emmet H. Clair* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, *for Respondent,* cite:

October 29, 1973.

*Per Curiam:*

At the October, 1970, term of the Court of General Sessions of York County, the defendant, represented by retained counsel, was convicted of assault and battery with intent to kill and sentenced to a term of imprisonment. An attempted appeal to this Court was dismissed for lack of jurisdiction, because notice of intention to appeal was not timely served. On this appeal from the denial of his petition for post-conviction relief, which followed dismissal of his original appeal, defendant, being presently represented by appointed counsel, states the only question raised as follows:

"Did the trial Court err in refusing to afford Appellant's trial counsel an opportunity to prepare affidavits in accordance with Rule 27 of the Rules of Practice for the Circuit Courts for South Carolina for the purpose of stipulating

the testimony of absent witnesses for publication to the jury or in support of a motion for a continuance?"

Neither the question, nor the exceptions on which it is based, suggests anything more than a trial error reviewable only by direct appeal. No violation of constitutional right or other ground for relief under the Uniform Post-Conviction Procedure Act is put forward or argued.

But if it were otherwise, the record shows a complete lack of diligence by defendant in failing to have his witnesses in court or in discovering that they were unavailable in time to have made appropriate motions before the commencement of the trial. We cannot say that the trial judge abused his discretion in ruling that the defendant's attempt to invoke Rule 27, after the State had closed its case and witnesses for the defense had been examined, came too late.

Affirmed.